Our first case for argument today is 22-1981, Schwab v. McDonough. Mr. Carpenter, please proceed. May it please the Court, Kenneth Carpenter appearing on behalf of Ms. Carolyn Schwab, who is the surviving spouse and substituted appellant in these proceedings. Mrs. Schwab, before the Veterans Court, as acknowledged by the Veterans Court, asked that Court to determine whether or not the Board's reliance upon the preponderance of evidence standard was contrary as a matter of law to the only standard of proof that is available for the adjudication of VA benefits, and only the standard of proof of the benefit of the doubt was the appropriate standard to be considered. We do not believe that the record below supports the determinations or conclusions made by the Veterans Court following this Court's inbox decision in Lynch that the Board had, in fact, expressly addressed the weight of the evidence and found that evidence not in appropriate balance and explained why it was persuaded that the evidence was against a rating of higher than 50 percent. The Board on remand, we believe, did not consider, as was directed, whether or not there was an entitlement to a 70 percent rating based upon the agreed-upon terms of the joint remand. This is not a matter which was directly presented to the Veterans Court, but rather was returned by the Veterans Court on remand. In this case, the Board concluded only that Mr. Schwab's PTSD disability still more closely approximated 50 percent rather than any other higher rating. This Court in Maddox concluded that the Board followed the proper approach in assigning probative value. It is Mrs. Schwab's assertion that that was not done in this case, that Dr. List's medical evidence as part of the terms of the joint motion for remand, which was prepared by the Secretary, expressly stated that the parties agreed that remand was warranted for the Board to apply the Veterans Court opinion in Bankhead and for consideration of the appellant's acknowledged symptoms of suicidal ideation. That was simply not done by the Board on remand. It did not explain why Dr. List's evidence was not consistent with the holding in Bankhead or that he did not in fact have symptoms of suicidal ideation as identified by Dr. List, nor did the Board identify on remand. Mr. Carpenter, I don't understand what you're arguing to us. Where in your blue brief is this stuff about not following the remand? You don't even cite the Bankhead case in your blue brief. I thought your whole argument was about whether the Board could be a trier of fact or not. Well, Your Honor, those contentions were rejected by this Court in both Maddox and Rohn, and therefore, since this case transitioned from a time in which the decision was made, let me get the correct dates here. So do you agree that the arguments made in your blue brief are foreclosed by Maddox and Rohn? I believe they are addressed by Maddox and Rohn, Your Honor, yes. I do not necessarily believe that they're controlled by Maddox and Rohn because this Court in Maddox and Rohn specifically acknowledged what the responsibility was in applying the benefit of the doubt rule, and we do not believe that Mrs. Schwab received that benefit pursuant to the joint motion for remand, and that's the point that we are trying to make in this argument. If this Court believes that this matter is completely controlled by Maddox and Rohn, then I will not take up any more time of this Court. Well, what's your best argument that it's not controlled by Maddox and Rohn? Well, it's what I just presented, Your Honor, as it relates to the first argument or to the first issue, which was the rating of 70 percent or more. How about whether or not the Board and the VA can be fact finders? Have we resolved that? Yes, I believe you have, Your Honor. Okay, so you're not pressing that any longer, given our findings. Given your decisions in Rohn and Maddox. How about whether the fact finders have to label or identify or determine if evidence is positive or negative? Are you pressing that anymore? No, Your Honor. I understood that those arguments were rejected in Maddox and Rohn. So just, if you could help me, I know you already said it, but what's left of your appeal? Well, to me what's is that in the second issue, which dealt with special monthly compensation under 1114 S. 1, the only reference, or excuse me, the Board explained its decision in that case in the context of the use of the preponderance of evidence standard as being against Mr. Schwab's ability to secure or follow substantial gainful occupation due to his post-traumatic stress disorder. It did not resolve the benefit of the doubt in terms of whether or not there were any evidence, affirmative evidence, to the contrary. There was no evidence in this record that expressly said that he could not follow due to his PTSD. More importantly, in the context of this case, Mr. Schwab had been granted PTSD. Granted PTSD for multiple disabilities, for his coronary stress disorder. The obligation of the Board was to determine whether or not one or the other would be able to support it. The Board made the determination that it could be supported under CAD, but was not supported based upon post-traumatic stress disorder. I'm sorry, but Mr. Carpenter, those arguments are not subject to our review. We don't have of the arguments you made in your blue brief for us to resolve today, given your admissions regarding the fact finder and the positive and negative evidence and all of that. I'll be honest, I don't understand what you're saying here today, and I don't find it to be consistent with the way the case was briefed. Sure, I get and I understand that sometimes intervening precedent comes out that changes the nature of what you could continue to pursue, but the answer in that case, with all due respect, is to acknowledge it and dismiss it, not to try to give the court a completely different new argument that I don't find in your brief. In that case, Your Honor, I apologize and I will withdraw from any further argument, submit this matter to the court. Okay, thank you. Do you have any further questions? Do you have any further questions? Okay, thank you. Do you need to say anything? Okay, the answer to that is no. Great argument, Governor.